APPEAL OF RICHARD T. GILLESPIE.

</div>

Docket No. 3851. Submitted July 9, 1925. Decided November 11, 1925.

> Where a church employed a minister and, in addition to a stipulated salary, furnished him a dwelling house which it rented directly from the owner, and the rent, as it became due, was paid to the minister, who in turn paid it over to the owner, *held*, that the rent was received by the minister as agent for the church and not as increased salary, and hence it was unnecessary to consider whether it was income exempt from taxation under section 213(b)(11) of the Revenue Act of 1921.

*George G. Witter, Esq.*, for the Commissioner.

<div align="center">

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

</div>

</div>

The taxpayer is a minister residing in Atlanta, Ga. He was, during the year 1921, pastor of the Maxwell Street Presbyterian

Church, at Lexington, Ky., and the First Presbyterian Church, at Louisville, Ky. Neither of these churches owned a manse and agreed with the taxpayer to furnish a residence, the churches taking the lease. For convenience the taxpayer was paid $740 by the churches, this being the amount of rental stipulated in the lease, and he in turn paid the rental to the lessor. In the audit of the taxpayer's return the Commissioner held the amount so received by the taxpayer to be income to him, and determined the deficiency here in question.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

JAMES: Section 213 (b) (11) of the Revenue Act of 1921, reads as follows:

That for the purposes of this title (except as otherwise provided in section 233) the term "gross income"—

\* \* \* \* \* \* \*

(b) Does not include the following items, which shall be exempt from taxation under this title:

\* \* \* \* \* \* \*

(11) The rental value of a dwelling house and appurtenances thereof furnished to a minister of the gospel as part of his compensation.

It is clear from the foregoing that the taxpayer in this appeal, in receiving the sum of $740 as rental for his parsonage, was acting as agent merely for his church and did not receive the amount here in question as increased salary. Such being the case, it is not necessary to consider whether payments in commutation of a manse would be income not clearly within the exempting clause. The taxpayer is clearly within it, and the deficiency determined by the Commissioner must be disallowed.